**BOWLES, Price Adm'r, v. KROGER GROCERY & BAKING CO.**

**KROGER GROCERY & BAKING CO. v. BOWLES, Price Adm'r.**

**Nos. 12743, 12744.**

Circuit Court of Appeals, Eighth Circuit.

March 11, 1944.

David London, Chief, Appellate Branch, Office of Price Administration, of Washington, D. C., for Chester Bowles, Price Administrator.

Wayne Ely, of St. Louis, Mo., for Kroger Grocery & Baking Co.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal and a cross appeal from a judgment entered April 14, 1943, enjoining the Kroger Grocery & Baking Company "from willfully or intentionally or from wanton carelessness" purchasing in the course of business any beef in violation of the grading or price regulations (No. 169, 7 Fed. Reg. 10381) promulgated under the Emergency Price Control Act of 1942, Act of January 30, 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq.

Section 4(a) of the Act provides that it shall be unlawful to violate any price schedule effective under the Act or under any regulations. Regulation No. 169 fixed maximum prices for beef sold at wholesale. Section 205(a) of the Act provides the remedy for violations of the act and the regulations. This section reads:

"Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, * * * he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

In his appeal the Price Administrator contends that the court erred in restricting the injunction to willful or wantonly careless violations of the Act. The grocery company appealed from provisions not now material.

Since the judgment was entered in the district court, and after the briefs had been filed in this court, the Supreme Court decided the case of Hecht Company v. Bowles, 64 S.Ct. 587, 591. The decision makes it clear that the power of the court when invoked under the Act is not limited to granting or denying an injunction. The court may issue any "other order" necessary "to enforce compliance * * * in the circumstances of each particular case." The statute is not a penal statute, and the remedy for its violation is not penal. The order entered by the court, however, should not be entered "grudgingly", but should be moulded to secure compliance and to deter future violations of the Act.

In this court the parties argue that the Hecht Company case does not support the qualified injunction decree entered by the district court, and we agree. They both join in the request that the decree be vacated and the case remanded for a new trial. They are of the opinion that this court should direct the trial court to determine from the evidence adduced upon such a retrial whether the Administrator is or is not entitled to the unqualified injunction which he seeks. While we think that it is probable that that will be the ultimate question to be decided, we do not think that this court should attempt to limit the district court to that precise issue since it is at least conceivable that the evidence may show that some "other order" might be better adapted to secure future compliance with the Act and the regulations than would an injunction.

The judgment appealed from is vacated and the case remanded with instructions to grant a new trial.